UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IBRAHIM ADAM, <br><br> Petitioner, <br><br> v. <br><br> THE STATE OF WASHINGTON, <br><br> Respondent. | CASE NO. C15-0169-RAJ-MAT <br><br> REPORT AND RECOMMENDATION |

INTRODUCTION AND SUMMARY CONCLUSION

Petitioner, proceeding *pro se* and *in forma pauperis*, submitted what appears to be a 28 U.S.C. § 2254 habeas corpus petition. (Dkt. 1-1.) He seeks to challenge his conviction in King County Superior Court Cause Number 14-1-01208-6 SEA. However, petitioner failed to submit a petition on the forms prescribed by this Court or to identify a proper respondent. Moreover, having reviewed the materials submitted by petitioner and the state court dockets related to petitioner's criminal matter, the Court recommends that this matter be DISMISSED without prejudice for the reasons discussed below.

A district court is charged with reviewing a habeas petition prior to directing that it be

REPORT & RECOMMENDATION
PAGE - 1

served on respondent. *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . ." *Id*. Here, the Court has determined that petitioner is not entitled to relief.

Generally, the federal courts will not intervene in pending state criminal proceedings absent extraordinary circumstances where the danger of irreparable harm is both great and immediate. *See Younger v. Harris*, 401 U.S. 37, 53-54 (1971). "[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts." *Drury v. Cox*, 457 F.2d 764, 764-65 (9th Cir. 1972); *see also Carden v. Montana*, 626 F.2d 82, 83-84 (9th Cir. 1980).

Also, "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). The exhaustion requirement "is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts," and, therefore, requires "state prisoners [to] give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A complete round of the state's established review process includes presentation of a petitioner's claims to the state's highest court. *James v. Borg*, 24 F.3d 20, 24 (9th Cir. 1994).

The documents submitted by petitioner reveal that he was only recently at trial in the criminal matter at issue in this case. A review of the state court docket reveals that guilty

REPORT & RECOMMENDATION
PAGE - 2

verdicts were entered on January 28 and January 29, 2014, and that proceedings appear to be ongoing as of this month. *See* http://dw.courts.wa.gov (King County Superior Court Cause No. 14-1-01208-6 SEA). To the extent petitioner's criminal proceedings remain ongoing, petitioner makes no showing of extraordinary circumstances that would justify the Court's intervention. It is further apparent that petitioner has not yet exhausted any relief in state court. A review of the relevant state appellate court docket reveals that petitioner filed a personal restraint petition on December 17, 2014, and that that proceeding remains pending as of this date. *See id.* (Washington Court of Appeals, Division I, Cause No. 733800).

Given the above, it is apparent that any petition for a writ of habeas corpus is premature and should be dismissed without prejudice to re-filing once all state court post-conviction challenges to petitioner's conviction have been completed. *See* 28 U.S.C. § 2254(b)-(c); *Rose v. Lundy*, 455 U.S. 509, 522 (1982) (holding every claim raised in federal habeas petition must be exhausted). Petitioner is advised that the limitation period for filing a federal habeas petition is suspended, or tolled, "during [the time] which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). A proposed Order accompanies this Report and Recommendation.

## DEADLINE FOR OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the

1  matter will be ready for consideration by the District Judge on **March 27, 2015**.

2        DATED this 27th day of February, 2015.

                                            Mary Alice Theiler
                                            Chief United States Magistrate Judge

REPORT & RECOMMENDATION
PAGE - 4